1  David Martinez, Bar No. 193183
   DMartinez@rkmc.com
2  **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
   2049 Century Park East, Suite 3400
3  Los Angeles, CA 90067-3208
   Telephone:  (310) 552-0130
4  Facsimile:  (310) 229-5800

5  Martin R. Lueck (*pro hac vice*)
   MRLueck@rkmc.com
6  Jan M. Conlin (*pro hac vice*)
   JMConlin@rkmc.com
7  Stacie E. Oberts (*pro hac vice*)
   SEOberts@rkmc.com
8  **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
   2800 LaSalle Plaza
9  800 LaSalle Avenue
   Minneapolis, MN 55402-2015
10 Telephone:  (612) 349-8500
   Facsimile:  (612) 339-4181

11 Attorneys for Plaintiff MEDTRONIC, INC.

12 William S. O'Hare, Bar No. 082562
   wohare@swlaw.com
13 Deborah S. Mallgrave, Bar No. 198603
   dmallgrave@swlaw.com
14 **SNELL & WILMER L.L.P.**
   600 Anton Blvd., Suite 1400
15 Costa Mesa, CA 92626-7689
   Telephone: (714) 427-7000
16 Facsimile: (714) 427-7799

17 John E. Nathan (*pro hac vice*)
   jnathan@paulweiss.com
18 Catherine Nyarady (*pro hac vice*)
   cnyarady@paulweiss.com
19 Brian P. Egan (*pro hac vice*)
   began@paulweiss.com
20 Christopher Terranova (*pro hac vice*)
   cterranova@paulweiss.com
21 **PAUL, WEISS, RIFKIND, WHARTON &
   GARRISON LLP**
22 1285 Avenue of the Americas
   New York, NY 10019-6064
23 Telephone: (212) 373-3000
   Facsimile: (212) 757-3990
24 Attorneys for Defendants EDWARDS
   LIFESCIENCES CORPORATION, EDWARDS
25 LIFESCIENCES LLC and EDWARDS
   LIFESCIENCES (U.S.) Inc.
26

27

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

MEDTRONIC, INC.

        Plaintiff,

  v.

EDWARDS LIFESCIENCES CORPORATION, et al.,

        Defendants.

Case No.  SACV12-327-JVS (MLGx)

[~~PROPOSED~~] PROTECTIVE ORDER

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following order shall govern the production or provision of confidential information or things by the parties in this case and any third parties (provided such third parties recognize and accept the procedures herein) for the purpose of responding to discovery requests or inquiries.

1. Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as "Confidential" or "Highly Confidential" any documents, testimony or other discovery material that contains information of a confidential nature ("confidential information"). The term "Party" shall refer to the named Parties in this litigation; all predecessors and successors thereof; all present divisions, subsidiaries or affiliates of any of the foregoing entities; and all directors, officers, employees, agents, attorneys, or other representatives of any of the foregoing entities.

2. No "Confidential" designation shall be made unless the designating party (or non-party from whom discovery is sought) reasonably believes in good faith that the designated material constitutes confidential research, development, financial, technical or commercial information or other information the receiving party would not have access to but for this lawsuit. Such material shall include information that is not freely accessible by the public, information to which the producing party's employees have only limited access, and/or information, the dissemination or disclosure of which would present a real or potential economic threat to the producing party. No "Highly Confidential" designation shall be made unless the designating party (or non-party from whom discovery is sought) reasonably believes in good faith that the designated material comprises or contains competitively sensitive information that could be used by the receiving party to obtain a business (not legal) advantage over the producing party, including, but not limited to, trade secrets, highly sensitive, non-public technical information, documents disclosing the past, present, or intended design, development, configuration, materials, manufacture, testing or trial, and the results of such testing or trials, of the products of any Party, documents or information related to damages (e.g. sales numbers, profit margins), or documents or information related to pending and not yet published patent applications.

3. Material designated as "Confidential" or "Highly Confidential" shall refer to confidential information (as defined above), including documents, data and information, answers to interrogatories, answers to deposition questions (if the deposition is so designated), responses to requests for admission, affidavits, expert reports, and any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal confidential information.

4. Unless and until the Court rules otherwise, material marked as "Confidential" or "Highly Confidential" shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

(a) Attorneys of record and associated counsel in this litigation, employees of such attorneys, counsel to whom it is necessary that the information be disclosed for purposes of this litigation, and vendors or service providers retained by the parties or attorneys of record, including but not limited to translators and litigation support services. As used herein, "associated counsel" shall mean attorneys who are retained to represent or advise a party for purposes of this litigation, including U.S. bar admitted and located contract attorneys, attorneys of record from Morris, Nichols, Arsht & Tunnell LLP, Keker & Van Nest LLP, and Knobbe Martens Olson & Bear LLP in *Edwards Lifesciences AG v. CoreValve, Inc.* (D. Del. 08-cv-00091) ("the Andersen I action") and *Edwards Lifesciences AG v. Medtronic, Inc.* (D. Del. 09-873-GMS) ("the Andersen II action"), attorneys of record from Kilpatrick Townsend & Stockton LLP in *Medtronic, Inc. v. Edwards Lifesciences Corp.* (D. Minn. 11-cv-1650) ("the Minnesota action"), and attorneys of record from Shaw Keller LLP in *Edwards Lifesciences LLC et al. v. Medtronic CoreValve LLC et al.* (D. Del. 12-23-GMS) ("the Cribier action");

(b) Any person hired by a party or its attorneys of record in this litigation, including testifying experts, investigators, consulting experts, and any other independent consultant, each of whom is not a competitor or employed by a competitor of the producing party or an agent of a competitor of the producing party, and who is not employed by or associated with either party, and who agrees in writing to be bound by the terms of this Protective Order. Each of these individuals must provide the following information: (i) the individual's name and business title; (ii) business address; (iii) business or profession; (iv) the individual's

CV; (v) any previous or current relationship (personal or professional) with any of the parties; (vi) a list of other cases in which the individual has testified (at trial or deposition) within the last six years; (vii) a list of all companies with which the individual has been employed within the last four years and a brief description of the subject matter of the employment; and (viii) a complete and signed Protective Order Undertaking, attached hereto as Exhibit A. The Protective Order Undertaking must be served on the producing party before any access is allowed to the producing party's confidential information. Attorneys for the producing party shall have ten (10) business days from the receipt of the Protective Order Undertaking to object in writing to disclosure of confidential information to the identified expert or consultant. After the expiration of the 10-day period, if no objection has been asserted, then the confidential information may be disclosed pursuant to the terms of this Protective Order. Any objection must set forth in detail the grounds on which it is based. Should the parties disagree with the basis for the objection(s), the disclosing party must first attempt in good faith to resolve the objection(s) informally with the objecting party. If the informal efforts do not resolve the dispute within five (5) business days, the disclosing party may file a motion requesting that the objection(s) be quashed. The objecting party shall have the burden of proof by a preponderance of evidence on the issue of the sufficiency of the objection(s). Pending a ruling by the Court upon any such objection(s), the confidential information shall not be disclosed to the person objected to by the objecting party;

(c) Employees of a person qualified under paragraph 4(b) above, each of whom is not a competitor or employed by a competitor of the producing party or an agent of a competitor of the producing party, and who is not employed by or associated with either party. Such employees must sign a Protective Order Undertaking, and such Protective Order Undertaking must be retained and

preserved during this litigation by the attorney of record, but such Protective Order Undertaking need not be disclosed to the producing party, unless the Court for good cause orders otherwise;

(d) Jury consultant(s) and/or mock jurors, each of whom is not a competitor or employed by a competitor of the producing party or an agent of a competitor of the producing party, and who is not employed by or associated with either party. Such jury consultant(s) and/or mock jurors must sign a Protective Order Undertaking, and such Protective Order Undertaking must be retained and preserved during this litigation by the attorney of record, but such Protective Order Undertaking need not be disclosed to the producing party, unless the Court for good cause orders otherwise;

(e) Two current in-house attorneys per side, each of whom has been previously identified to and consented to by the producing party. Each side may have at most a total of two such attorneys for this litigation, *Medtronic CoreValve LLC v. Edwards Lifesciences Corp.* (C.D. Cal. SACV11-00961-JVS (MLGx)) ("the Seguin Action"), the Andersen I Action and the Cribier Action. Such attorneys must sign a Protective Order Undertaking, and such Protective Order Undertaking must be retained and preserved during this litigation by the attorney of record, but such Protective Order Undertaking need not be disclosed to the producing party, unless the Court for good cause orders otherwise. A party designating an in-house attorney under this Paragraph must, as a part of that designation, state whether the designated attorney will be provided access to both "Confidential" and "Highly Confidential" information or will be provided access to only "Confidential" information. Any party who designates an in-house attorney to receive only "Confidential" information subsequently may, upon written notice, modify its designation, subject to triggering the prosecution bar of Paragraph 6, so that the in-house attorney also receives "Highly Confidential" information. To the extent any

in-house attorney designated under this Paragraph is only provided access to "Confidential" information of the opposing party and not "Highly Confidential" information of the opposing party, such attorney is not subject to the provisions of Paragraph 6 below;

  (f) The authors and original recipients of the documents;

  (g) Persons testifying in depositions or in court proceedings provided that (1) such documents or information were authored by, addressed to, or received by such persons or other persons employed by the same entity as such persons, or (2) such documents or information were produced by or obtained from such persons or their employer;

  (h) Court reporters employed in this litigation, including their necessary stenographic, videographic and clerical personnel; and

  (i) The Court, any juror or any other entity authorized by the Court or required by law.

  5. In the event that a producing party elects to produce original documents or other material for inspection, no markings need be made on the documents or material by the producing party in advance of the inspection. During the inspection, such documents or material shall be considered confidential information to the extent and at the level designated by the producing party prior to the inspection. After selection by the inspecting party of specific documents or material for copying, the producing party shall make the appropriate copies, and the appropriate confidentiality designations shall be placed on the documents or materials before they are provided to the inspecting party.

  6. Notwithstanding any provision of this Order, every person of the receiving party who receives and reviews information designated as "Highly

Confidential" or "Confidential" under this Order is precluded from drafting, prosecuting, or supervising the drafting or prosecution of, or providing (verbally or in tangible form, in whole or in part) such Confidential or Highly Confidential information received under this Order to any person involved in drafting, prosecuting, or supervising the drafting or prosecution of, any patent applications with the United States Patent and Trademark Office ("USPTO") or any similar proceedings in any other country, involving any patent or patent application having claims or disclosures related to methods of electrically stimulating nerves and/or the heart to manipulate cardiac rhythm during a medical procedure or related to methods, procedures, or devices that concern transcatheter aortic valves. This preclusion is limited to proceedings involving patents and patent applications having an effective filing date before this action, during this action, or within four (4) years after the termination of this action.  For purposes of clarity, "prosecution" does not include reexamination, reissue, interference proceedings, or equivalent proceedings (e.g. Post-Grant Review), except that all persons subject to this Paragraph are prohibited from drafting new or amended claims in any such proceedings.  This Paragraph does not apply to any in-house attorney designated under Paragraph 4(e) that is only provided access to "Confidential" information of the opposing party.

   7.  Notwithstanding any provision of this Order, every person of the receiving party who receives and reviews information designated as "Highly Confidential" under this Order, is precluded (unless otherwise agreed to in writing) from performing development work directly or indirectly intended for commercial purposes related to methods of electrically stimulating nerves and/or the heart to manipulate cardiac rhythm during a medical procedure or related to methods, procedures, or devices that concern transcatheter aortic valves for a period of four (4) years after the termination of this action.  This prohibition shall not preclude

such persons from consulting in future litigation, so long as such consulting does not involve development work directly or indirectly intended for commercial purposes related to methods of electrically stimulating nerves and/or the heart to manipulate cardiac rhythm during a medical procedure or related to methods, procedures, or devices that concern transcatheter aortic valves.

8. Information disclosed at a deposition (or hearing), as well as through resulting transcripts or exhibits, of a party, the present or former officers, directors, employees, agents, or independent experts retained by a party for the purpose of this litigation, or a third party in possession of confidential information of a party, may be designated as "Confidential" or "Highly Confidential" by indicating such designation on the record, subject to the Protective Order, or by following the procedure set forth in paragraph 10 below.

9. Confidential information produced without the appropriate designation of confidentiality may be properly designated subsequent to the production or testimony when the producing party failed to make such designation at the time of production or during the testimony through inadvertence or error. If discovery material is subsequently designated, the receiving party shall promptly collect any copies that have been provided to individuals other than those authorized in paragraph 4 of this Order.

10. Absent any overriding rules of this Court or orders of this Court, no material containing confidential information shall be filed in the public record of this action. In the event that any document or information that has been designated "Confidential" or "Highly Confidential" is included with, or in any way disclosed in, any pleading, motion, deposition transcript or other paper filed with the Court, such document or information and related material shall be filed under seal with the Court in accordance with Local Rule 79-5.1. Any document or thing containing

confidential information that is to be filed in this litigation must be filed in a sealed envelope bearing such designation on its front face. In addition, the envelope shall bear the caption of the case, shall contain a concise, non-disclosing inventory of its contents for docketing purposes, and shall state thereon that it is filed under the terms of this Protective Order.

11. Inadvertent production of privileged information shall be handled as follows, but this is without prejudice to the right of any party to apply to the Court for further protection or disclosure relating to discovery:

(a) Pursuant to Federal Rules of Civil Procedure 26(b)(5), immediately upon receiving notice from the producing party that information subject to the attorney-client privilege or work-product immunity has been inadvertently produced, the receiving party shall not review, copy, or otherwise disseminate the documents or materials, nor shall it disclose their substance. The receiving party shall return or destroy (at the producing party's option) the documents or materials and all copies within three (3) business days from receiving notice;

(b) If the receiving party, without notice from the producing party, determines that information subject to the attorney-client privilege or work-product immunity has been inadvertently produced, the receiving party shall immediately contact the producing party and advise them of the inadvertent disclosure. Pursuant to Federal Rules of Civil Procedure 26(b)(5), the receiving party shall not review, copy, or otherwise disseminate the documents or materials, nor shall it disclose their substance. In addition, the receiving party shall return or destroy (at the producing party's option) the documents or materials and all copies within three (3) business days from discovery of the inadvertent disclosure;

(c) If the receiving party believes that it has a good-faith basis for challenging the privilege claim, the receiving party shall provide the producing

party with a written explanation of the good-faith basis for the belief that the inadvertently produced documents or materials are not privileged within three (3) business days of the producing party's request for return. The producing party shall respond in writing to the receiving party's timely challenge to the privilege or immunity claim within five (5) business days from receipt of the challenge;

  (d) In the event the parties cannot agree as to the privilege or immunity status of the inadvertently produced documents or materials, the receiving party shall have five (5) business days from receipt of the producing party's written response to the privilege challenge to file a motion (in accordance with any applicable standing orders or local rules) seeking an order compelling production of the inadvertently produced documents or materials. The receiving party shall not use the substantive content of the inadvertently produced documents or materials to challenge their status as privileged or immune, but may submit the document under confidential seal for the Court's review. In the event that a motion is made, the producing party shall have the burden of proving that the inadvertently produced documents or materials are privileged or immune from discovery;

  (e) Inadvertent disclosure of information subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s). Pursuant to Rule 502(d) of the Federal Rules of Evidence, the Court hereby orders that the attorney-client privilege or work-product protection is not waived by disclosure connected with the above-referenced matter and any such disclosure is also not waived in any other Federal or State proceeding.

  12. A party may challenge the correctness or propriety of a confidentiality designation of another party by requesting the Court to order a different designation or de-designation. The designating party shall bear the burden of establishing a

need for the designation by a preponderance of the evidence. No party, however, is obligated to challenge the correctness or propriety of any designation of confidentiality under this Order, and any failure to challenge a designation shall not prejudice or preclude a subsequent challenge to that or any other designation. A challenge to a designating party's confidentiality designation shall follow the following provisions:

(a)   A party that elects to initiate a challenge to a designating party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first; and

(b)   A party that elects to press a challenge to a confidentiality designation after considering the justification offered by the designating party may file and serve a motion under Civil Local Rule 7 that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the designating party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation.

13. All discovery material exchanged under this Protective Order between the parties in this litigation shall be used solely for this litigation, unless otherwise agreed to beforehand in writing by the producing Party or if the Court so orders. Each Party reserves its right to seek or oppose an order from the Court permitting the use in other litigation of confidential discovery material.

14. For the sake of efficiency, the Parties agree that documents produced in the Delaware, Seguin and Cribier actions need not be re-produced, and the parties agree to treat documents produced in the Delaware, Seguin and Cribier actions as if they were documents produced in this litigation. Upon entry of the Protective Order in this action, the attorneys of record in this action may have access to all documents and things produced in the Delaware, Seguin and Cribier actions, as well as to any trial transcripts, trial exhibits, deposition transcripts, deposition exhibits, expert reports and briefs filed or served in the Delaware, Seguin or Cribier actions or in any appeals therefrom. The Parties represent that they have the authority of the parties to the protective order entered in *Edwards Lifesciences AG v. CoreValve, Inc.* (D. Del. 08-cv-00091), *Medtronic CoreValve LLC v. Edwards Lifesciences Corp.* (C.D. Cal. SACV11-00961-JVS (MLGx)) and *Edwards Lifesciences LLC et al. v. Medtronic CoreValve LLC et al.* (D. Del. 12-23-GMS) to use the documents described in this paragraph for the present litigation despite the restrictions of paragraph 18 of the Delaware protective order, paragraph 13 of the Seguin protective order and paragraph 13 of the Cribier protective order.[1]

15. If confidential information in the possession, custody or control of a receiving party is sought by subpoena, request for production, interrogatory, or any

---

[1] Each Party to this action reserves the right to argue that any document produced in the Delaware, Seguin or Cribier actions, and any trial transcript, trial exhibit, deposition transcript, deposition exhibit, expert report and/or brief filed or served in the Delaware, Seguin or Cribier actions or in any appeals therefrom, is not relevant to this action. Each party agrees not to use this agreement to deem documents of other litigations produced in this case as evidence of relevance of any such document or relatedness of any legal issues in the cases.

other form of discovery request or compulsory process of any court, administrative body or legislative body, or any other person or tribunal purporting to have opportunity to seek such information by compulsory process or discovery request, including private parties, the receiving party shall: (i) within one (1) calendar week after receipt thereof, give written notice by hand or facsimile or electronic mail of such process or discovery request together with a copy thereof, to counsel for the producing party; (ii) cooperate to the extent necessary to permit the producing party to seek to quash such process or discovery request; and (iii) not produce or disclose such confidential information until the producing party consents in writing to the production, or the receiving party is ordered by a court of competent jurisdiction to produce or disclose the confidential information.

16. Within sixty (60) days after the conclusion of this litigation, including any appeals, all confidential information designated and produced hereunder, and all copies thereof, shall be returned to the producing party, or, at the option of the producing party, be destroyed. Opposing counsel shall certify in writing that such material has been destroyed. Notwithstanding the foregoing, outside counsel of record may retain all of their files from this litigation, including, but not limited to, pleadings, correspondence, discovery requests and responses, whether or not such files refer to or include any confidential information designated in this litigation.

17. By stipulating to the entry of this Protective Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

18. Confidential information that the producing party considers to be privileged, or subject to the work product immunity doctrine or some other

1  applicable immunity or privilege under the Federal Rules, that is dated after the
2  filing of this litigation, or that was created during and for the purpose of the
3  Delaware actions and involved communication with counsel of record in the
4  Delaware actions at the time of document creation, is not required to be listed on
5  any privilege log provided by the producing party to the requesting party. The
6  Parties agree, however, that should a Party elect not to rely on the advice of counsel
7  and produce documents in furtherance of that reliance (January 11, 2013), the Party
8  shall at the time of such election provide a privilege log of all withheld documents
9  relating to any opinion of counsel. Counsel for a party producing a document may
10 redact material deemed exempt from discovery because of the attorney-client
11 privilege or work-product immunity afforded by Rule 26(b), Fed. R. Civ. P., or
12 because the redacted material is not reasonably calculated to lead to the discovery
13 of admissible evidence, and may produce documents in a redacted form. Any
14 document from which material is redacted must identify in the redacted area that a
15 redaction was made. The reason for any such redaction must be stated in the
16 document itself or on a log provided to the receiving party. In the event of any
17 dispute as to the propriety of the redaction, the party objecting to the redaction may
18 submit the issue to the Court for review and determination.

19.  The restrictions set forth in this Protective Order shall not apply to information or material that:

(a) was, is, or becomes public knowledge other than by violation of this Protective Order;

(b) is acquired by the non-designating party from a third party having the right to disclose such information or material; or

(c) was lawfully possessed by the non-designating party prior to the entry by the Court of the Protective Order.

20. Nothing contained in this Protective Order shall preclude a party producing confidential information from using its own confidential information in any manner it sees fit without prior consent from any other party or from the Court.

21. Each individual who receives any confidential information so designated under this Protective Order agrees to submit himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to compliance with the Protective Order.

22. This Protective Order shall remain in full force and effect after the termination of this litigation, until a designating party agrees in writing or until canceled or otherwise modified by this Court.

23. Any Party hereto may at any time make a motion requesting that the Court modify this Protective Order to provide additional or different protection where it is deemed appropriate.

**SO ORDERED.**

Dated: July 31, 2012      _____
                          MARC L. GOLDMAN
                          United States Magistrate Judge

1  David Martinez, Bar No. 193183
   DMartinez@rkmc.com
2  **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
   2049 Century Park East, Suite 3400
3  Los Angeles, CA 90067-3208
   Telephone:  (310) 552-0130
4  Facsimile:   (310) 229-5800

5  Martin R. Lueck (*pro hac vice*)
   MRLueck@rkmc.com
6  Jan M. Conlin (*pro hac vice*)
   JMConlin@rkmc.com
7  Stacie E. Oberts (*pro hac vice*)
   SEOberts@rkmc.com
8  **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
   2800 LaSalle Plaza
9  800 LaSalle Avenue
   Minneapolis, MN 55402-2015
10 Telephone:  (612) 349-8500
   Facsimile:   (612) 339-4181

11 Attorneys for Plaintiff and Counterclaim Defendant
12 MEDTRONIC, INC.

13 William S. O'Hare, Bar No. 082562
   wohare@swlaw.com
14 Deborah S. Mallgrave, Bar No. 198603
   dmallgrave@swlaw.com
15 **SNELL & WILMER L.L.P.**
   600 Anton Blvd., Suite 1400
16 Costa Mesa, CA 92626-7689
   Telephone: (714) 427-7000
17 Facsimile: (714) 427-7799

18 John E. Nathan (*pro hac vice*)
   jnathan@paulweiss.com
19 Catherine Nyarady (*pro hac vice*)
   cnyarady@paulweiss.com
20 Brian P. Egan (*pro hac vice*)
   began@paulweiss.com
21 Christopher Terranova (*pro hac vice*)
   cterranova@paulweiss.com
22 **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
23 1285 Avenue of the Americas
   New York, NY 10019-6064
24 Telephone: (212) 373-3000
   Facsimile: (212) 757-3990

25
   Attorneys for Defendants and Counterclaim-
26 Plaintiffs EDWARDS LIFESCIENCES
   CORPORATION, EDWARDS LIFESCIENCES
27 LLC and EDWARDS LIFESCIENCES (U.S.) INC.

28

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDTRONIC, INC.<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>EDWARDS LIFESCIENCES CORPORATION, et al.,<br><br>　　　　　Defendants. | Case No. SACV12-327 JVS (MLGx)<br><br>**PROTECTIVE ORDER UNDERTAKING** |

## **PROTECTIVE ORDER UNDERTAKING**

　　　I, _____, having been retained by _____ in connection with the above-captioned lawsuit (or I, _____, in-house counsel for _____) hereby acknowledge that I am about to receive confidential information as defined in the Protective Order agreed to by the parties and so ordered by the Court in this case.

　　　I certify my understanding that the confidential information is being provided to me pursuant to the terms and restrictions of the Protective Order, and that I have been given a copy of and have read and understood my obligations under the Order. I hereby agree to be bound by the terms of the Protective Order. I clearly understand that confidential information and my copies of notes relating thereto may only be disclosed to or discussed with persons allowed under the Protective Order to receive such information.

　　　I will return upon request all materials containing confidential information and all copies thereof.

I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

I make all statements above under penalty of perjury.

_____

Printed name:_____

Company name/address/phone:

_____

_____

_____

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

83250905.1                                       - 19 -                          ~~PROPOSED~~ PROTECTIVE ORDER