UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-00327-JVS (MLGx) | Date | July 24, 2013 |
| Title | Medtronic Inc. v. Edwards Lifesciences Corp. Et al. | | |

Present: The Honorable   James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Granting in Part and Denying in Part Defendants' Motion to Strike Paragraphs 3-7 and 11-43 of Dr. Benditt's Supplemental Expert Report (fld 6-24-13)

Defendants/Counterclaim-Plaintiffs Edwards Lifesciences, Corp. *et al.* (collectively, "Edwards") move to strike paragraphs 3–7 and 11–43 of the supplemental expert report by Dr. David Benditt ("Benditt Supplemental Report") for Plaintiff/Counterclaim-Defendant Medtronic, Inc. ("Medtronic"). (Motion to Strike ("Motion"), Docket No. 175.) Medtronic opposes. (Opposition, Docket No. 203.) Edwards has replied. (Reply, Docket No. 189.) For the following reasons, the Motion is **GRANTED in part** and **DENIED in part**.[1]

I.   BACKGROUND

Edwards believes Medtronic consistently has set forth deficient analyses in its infringement contentions, interrogatory responses, and opening expert report ("Benditt Report") on infringement of two claim elements in the '741 Patent: "stent device" (all claims) and "delivering a pacemaker lead through a catheter to the ventricle of the heart of the patient" (Claim 28). (Motion, at 1.) Edwards seeks to strike paragraphs 3–7 and 11–43 of the Benditt Supplemental Report,[2] which address these elements and were

---

[1] The Court requested additional briefing on claim construction issues raised by the Motion. (Docket No. 206.) Both parties oppose additional claim construction (Docket Nos. 245, 266), and the Court declines to engage in further claim construction at this time.

[2] Declaration of Kripa Raman ("Raman Decl.") Ex. F, Docket No. 175-2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-00327-JVS (MLGx) | Date | July 24, 2013 |
| Title | Medtronic Inc. v. Edwards Lifesciences Corp. Et al. | | |

served after Medtronic received Dr. Nigel Buller's rebuttal expert report ("Buller Report"),[3] as (1) improper supplementation of an expert report under Fed. R. Civ. P. 26(e) and 37(c)(1) and (2) prohibited opinions on undisclosed theories under Patent Local Rule 3-1(e).[4] (Id. at 1–2.)

### A. Infringement Contentions

Pages 4–11 of Medtronic's Infringement Contentions for the '741 Patent detail Medtronic's contention that the SAPIEN meets the "obtaining a stent device" limitation. (Infringement Contentions Ex. A, Declaration of Kripa Raman ("Raman Decl.") Ex. A, Docket No. 175-2.) Medtronic cites to the "Device Description," which states the SAPIEN "is comprised of a balloon-expandable, radiopaque, stainless steel (316 L) frame, three ovine pericardial tissue leaflets, and a polyethylene terephthalate (PET) fabric." (Id. at 5.) It also includes a picture of the SAPIEN with the caption: "balloon expandable stainless steel stent for sutureless implantation." (Id. at 7.)

Pages 82–89 detail the contention that Edwards's method meets the "delivering a pacemaker lead through a catheter to the ventricle of the heart of the patient" limitation. Medtronic cites to the instruction, "Introduce a pacemaker (PM) lead until its distal end is positioned in the right ventricle." (Id. at 83.) It also cites the instructions, "Prepare and place an 8F (2.7 mm) sheath into the femoral vein . . .," and "Introduce a 5F (1.67 mm) to 7F (2.3 mm) pacemaker (PM) lead through the 8F (2.77 mm) sheath in the femoral vein and advance the pacemaker lead until its distal end is positioned in the right ventricle." (Id. at 84–85.)

### B. Non-Infringement Interrogatory Response

On April 1, Edwards set forth its non-infringement contentions in a supplemental response to Medtronic's Interrogatory No. 2. Edwards stated, after noting its belief that Medtronic's contentions were deficient:

> [I]mplantations of SAPIEN THV do not directly infringe Claims 10–13,

---

[3] Raman Decl. Ex. H.

[4] This Court adopts the Patent Local Rules for the Northern District of California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-00327-JVS (MLGx) | Date | July 24, 2013 |
| Title | Medtronic Inc. v. Edwards Lifesciences Corp. Et al. | | |

> 15–18, 20–21, and 28 of the '741 patent, either literally or under the Doctrine of Equivalents, because implantation procedures for the SAPIEN THV do not involve "*delivering the stent device to the stimulated heart when the beating of the stimulated heart has been adjusted to the first condition, when the heart is being in the first condition*" or "*delivering a stent device to the heart when the heart is beating at the first rate*" as construed by the Court . . . .
>
> [I]mplantations of SAPIEN THV do not directly infringe Claims 10–13, 15–18, 20–21, and 28 of the '741 patent, either literally or under the Doctrine of Equivalents, because implantation procedures for the SAPIEN THV do not involve "*reducing electrical stimulation of the heart to adjust beating of the heart to a second condition after delivering the stent device*" or "*reducing electrical stimulation of the heart to adjust beating of the heart to a second rate after delivering the stent device*" as construed by the Court . . . .

(Interrogatory Responses, Declaration of Seth A. Neilsen ("Neilsen Decl.") Ex. C, Docket No. 183, at 3–4 (italics per original; pagination per exhibit).)

II. <u>LEGAL STANDARD</u>

    A. **Federal Rule of Civil Procedure 26(e)**

Parties must supplement or correct initial disclosures, expert disclosures, pretrial disclosures, responses to discovery requests, and information provided in an expert report or given at the expert's deposition "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or inaccurate, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 23(e)(1)(A), 23(e)(2). The parties should supplement and/or correct promptly when required, without the need for a request from opposing counsel or the court. <u>Oracle USA, Inc. v. SAP AG</u>, 264 F.R.D. 541, 544 (N.D. Cal. 2009).

Supplementary disclosures, however, "do not permit a party to introduce new opinions after the disclosure deadline under the guise of a 'supplement.'" <u>Plumley v.</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-00327-JVS (MLGx) | Date | July 24, 2013 |
| Title | Medtronic Inc. v. Edwards Lifesciences Corp. Et al. | | |

Mockett, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010); see Medtronic Vascular, Inc. v. Abbott Cardiovascular Sys., Inc., No. C-06-1066 PJH (EMC), 2008 WL 4601038, at *1 (N.D. Cal. Oct. 15, 2008) ("A party may not rely on Rule 26(e)(1) as a way to remedy a deficient expert report or as a means of getting in, in effect, a brand new report."). The supplementation rule "does not give license to sandbag one's opponents with claims and issues which should have been included in the expert witness' report (indeed, the lawsuit from the outset)," because otherwise "there would be no finality to expert reports." Plumley, 836 F. Supp. 2d at 1062 (internal quotation marks and citation omitted). "Accordingly, a supplemental expert report that states additional opinions or seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report is beyond the scope of proper supplementation and subject to exclusion under Rule 37(c)." Id. (internal quotation marks omitted); see Solaia Tech. LLC v. ArvinMeritor, Inc., 361 F. Supp. 2d 797, 807 (N.D. Ill. 2005) ("If the late-filed opinions are new, they must be stricken . . . . [Thus, the] first step is to determine whether the statements by [the expert] are new or contradictory opinions.").

Rule 37 mandates that a party's failure to comply with Rule 26(e)(1) results in that party being precluded from "use [of] that information . . . to supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Once non-compliance is shown, the burden is on the non-compliant party to demonstrate that it meets one of the two exceptions to mandatory sanctions. See Oracle, 264 F.R.D. at 545 (citation omitted); see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 2569 F.3d 1101, 1107 (9th Cir. 2001).

    B.    **Infringement Theory Disclosure**

The Patent Local Rules require that the "Disclosure of Asserted Claims and Infringement Contentions" contain "[s]eparately for each asserted claim, each accused . . . instrumentality ('Accused Instrumentality') . . . of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known." Patent L.R. 3-1(b). The infringement contentions also must contain "a chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality." Patent L.R. 3-1(c). This rule is a discovery device that "takes the place of a series of interrogatories that defendants would likely have propounded had the patent local rules not provided for streamlined discovery." Network Caching Tech., LLC v. Novell, Inc., No. C-01-2079-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-00327-JVS (MLGx) | Date | July 24, 2013 |
| Title | Medtronic Inc. v. Edwards Lifesciences Corp. Et al. | | |

VRW, 2002 WL 32126128, at *4 (N.D. Cal. Aug. 13, 2002).

"[T]he degree of specificity under Local Rule 3-1 must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement.'" Shared Memory Graphics, LLC v. Apple, Inc., 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (quoting View Eng'g, Inc. v. Robotic Vision Sys., Inc., 208 F.3d 981, 986 (Fed. Cir. 2000)). While the patent rules do not "require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case, . . . a patentee must nevertheless disclose what in each accused instrumentality it contends practices each and every limitation of each asserted claim to the extent appropriate information is reasonably available to it." DCG Sys. v. Checkpoint Techs., LLC, No. C 11–03792 PSG, 2012 WL 1309161, at *2 (N.D. Cal. Apr. 16, 2012); Shared Memory Graphics, 812 F. Supp. 2d at 1025 (patentee "must map specific elements of Defendants' alleged infringing products onto [patentee's] claim construction").

## III. DISCUSSION

The issue before the Court can be distilled to four questions: (1) Does the Buller Report constitute a rebuttal to the Benditt Report, or does it also disclose new non-infringement theories? (2) Assuming the Buller Report addresses new theories, should Edwards have disclosed those non-infringement theories in response to Medtronic's interrogatory requests or in a subsequent amendment? (3) Assuming the Buller Report addresses new theories, should those opinions be stricken or may Medtronic submit a responsive supplemental expert report?[5] (4) Can Medtronic, which had not asserted infringement under the "Doctrine of Equivalents" ("DOE"), do so for the first time in a supplemental expert report?

### 1. Characterization of the Buller Report

Rebuttal reports are limited to evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party" in an expert report. Fed. R. Civ. P. 26(a)(2)(D)(ii); see Plumley, 836 F. Supp. 2d at 1065. "Those portions of an

---

[5] Although Medtronic has not separately moved to strike the Buller Report, it requests that the Court do so should it strike the Benditt Supplemental Report. (See Opposition, at 17-18.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 12-00327-JVS (MLGx)                        Date   July 24, 2013

Title   Medtronic Inc. v. Edwards Lifesciences Corp. Et al.

expert's rebuttal that opine on subjects that were not addressed in the expert report purportedly being rebutted should be excluded." Id. (excluding from evidence portions of rebuttal report that address inequitable conduct and invalidity because they were not reasonably prompted by or responsive to opening report on damages). At the same time, however, according a broad meaning to "the same subject matter" could all but nullify the distinction between an initial "affirmative expert" and a "rebuttal expert." Vu v. McNeil-PPC, Inc., No. CV 09-1656 ODW (RZx), 2010 WL 2179882, at *3 (C.D. Cal. May 7, 2010). "Rebuttal experts cannot put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts." Int'l Bus. Machs. Corp. v. Fasco Indus., Inc., C-93-20326 RPA, 1995 WL 115421, at *3 (N.D. Cal. Mar. 15, 1995).

The Buller Report addresses literal infringement and is confined to the scope of the Benditt Report. Benditt reasoned that the SAPIEN is an expandable support structure intended to provide support within the native aortic valve. (Benditt Report ¶¶ 84, 99–107).[6] Buller's analysis, meanwhile, argues that the space of the valve is not tubular, and he engages in claim construction (of "tubular" and "stent device") to support the non-infringement conclusion. (Buller Report ¶¶ 83–100.) Benditt also reasoned that Edwards literally infringes Claim 28 by instructing physicians to use transvenous pacing leads to rapidly pace the apex of the right ventricle. (See Benditt Report ¶¶ 157–66, 194–95.) Buller responds that there was no evidence that physicians deliver the pacemaker lead through a catheter, because Edwards instructs physicians to introduce the leads through an introducer sheath. (Buller Report ¶ 159–60.)

So far, so fair. In the abstract, Buller properly attacked Benditt's theories. The problem, however, is that in so doing Buller set forth opinions that the Court finds constitute previously undisclosed non-infringement contentions. Despite a duty to supplement its interrogatory responses, which focused on the first and second condition claim terms rather than on the nature of the SAPIEN device or the "through a catheter" limitation, Edwards never did so. Medtronic could not reasonably have been aware of Edwards's position, especially in light of Edwards's proposed claim constructions, until it received the Buller Report.

---

[6] Paragraph 84, for example, states that "Edwards' SAPIEN . . . is a balloon-expandable, stent-based replacement aortic heart valve that provides outward pressure and support within the tubular, native-valve structure."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-00327-JVS (MLGx) | Date | July 24, 2013 |
| Title | Medtronic Inc. v. Edwards Lifesciences Corp. Et al. | | |

2. <u>Propriety of the Literal Infringement Supplementation</u>

Although the Patent Local Rules do not require disclosure theories of non-infringement, the party asserting non-infringement has a duty to amend contention interrogatories in a timely manner even where the patentee's opening expert reports disclose additional details and evidence. See <u>Apple, Inc. v. Samsung Elecs. Co.</u>, No. 11-CV-01846-LHK, 2012 WL 3155574, at *5 (N.D. Cal. Aug. 2, 2012) (upholding order excluding portions of rebuttal expert reports offering new non-infringement theories and relying on previously undisclosed evidence). In <u>Apple</u>, Samsung argued that its experts' opinions "were submitted solely in rebuttal to arguments and analyses Apple disclosed for the first time in their opening reports," making its failure to disclose its non-infringement theories prior to the rebuttal expert reports "substantially justified or harmless." <u>Id.</u> at *4–5. The court disagreed, reasoning that Apple had adequately presented its infringement theories and concluding that the fact "[t]hat Apple's expert reports disclosed additional detail did not relieve Samsung of its duty to amend its answers to contention interrogatories in a timely manner." <u>Id.</u> at *5.

Pursuant to <u>Apple</u>, the Court need not strike all portions of the Benditt Supplemental Report simply because the Buller Report responded to the scope of the Benditt Report. The preferable solution is to not strike the Buller Report or any portion of the Benditt Supplemental Report that responds to Buller under a literal infringement theory.[7] Specifically, Benditt Supplemental Report ¶¶ 4–7 detail the bases for the

---

[7] The Court also disagrees that Medtronic set forth deficient literal infringement analyses before it served the Benditt Report because it "provided no narrative explaining how the accused methods allegedly fell within the claim." (Motion, at 2.) The Patent Local Rules do not "require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case" in its infringement contentions. <u>Droplets, Inc. v. Amazon.com, Inc.</u>, No. C12-03733 HRL, 2013 WL 1563256, at *2 (N.D. Cal. Apr. 12, 2013) (quoting <u>DCG Sys.</u>, 2012 WL 1309161, at *2). The parties are entitled to disagree on the merits of the infringement claims, but nothing before the Court indicates that Edwards lacked notice of Medtronic's literal infringement contentions. To the extent Edwards felt the contentions were deficient, it certainly could have sought to compel Medtronic to provide additional information. At the same time, Medtronic chose not to seek relief from this Court despite now protesting that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 12-00327-JVS (MLGx)      Date    July 24, 2013

Title      Medtronic Inc. v. Edwards Lifesciences Corp. Et al.

supplement, and ¶ 11 recites the standards for infringement. These paragraphs do not introduce any new material or opinion. Their inclusion is harmless. Paragraphs 13–19, meanwhile, (1) clarify that the omission of "space of a" in the Benditt Report was a typo and did not affect the analysis (a correction); and (2) address Buller's "stent device" non-infringement opinion.[8] Similarly, ¶¶ 32–34, and the first sentence of ¶ 35, respond directly to Buller's analysis that "through a catheter" is not literally infringed.[9] (Benditt Supplemental Report, at 4–12.) These paragraphs do not present a DOE opinion; they rebut the new non-infringement theories. Their inclusion, therefore, is justified. They assist in the comprehensive presentation of the literal infringement analyses and do not impermissibly expand the scope of the litigation. Their inclusion also arguably is harmless. Medtronic likely would attempt to introduce these opinions in a different form to counter Edwards's arguments during the merits stage.

Accordingly, the Court **DENIES** the Motion as to Benditt Supplemental Report ¶¶ 4–7, 13–19, and 32–34, and the first sentence of ¶ 35.

        3.      <u>Propriety of the Doctrine of Equivalents Supplementation</u>

Even though Edwards disclosed new non-infringement theories in the Buller Report, Medtronic may not assert a theory of infringement under the DOE at this stage. See <u>Apple, Inc. v. Samsung Elecs. Co.</u>, No. 12-CV-0630-LHK (PSG), 2013 WL 3246094, at *2–4 (N.D. Cal. June 26, 2013) (rejecting general request to add DOE theories for asserted patents in response to receipt of non-infringement theories); accord <u>Mosaid Techs., Inc. v. Samsung Elecs. Co.</u>, 362 F. Supp. 2d 526, 559 (D.N.J. 2005) (denying motion to strike rebuttal report based on previously undisclosed non-

---

"Edwards' attempt to, yet again, prejudice Medtronic by raising new defenses at the eleventh hour—and then attempting to foreclose Medtronic from responding—should not be condoned." (Opposition, at 1.) Nothing indicates Edwards is being disingenuous and engaging in deliberate tactics to prejudice Medtronic.

[8] For example, ¶ 18 rebuts Buller's interpretation of "tubular."

[9] For example, ¶ 34 rebuts Buller Report ¶ 106, which establishes Buller's belief that an "introducer sheath" is not a catheter

8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-00327-JVS (MLGx) | Date | July 24, 2013 |
| Title | Medtronic Inc. v. Edwards Lifesciences Corp. Et al. | | |

infringement contentions and denying request to add DOE allegations, because movant had previously chosen to only give conclusory statement of DOE infringement).

The Patent Local Rules "do not require disclosure of theories of noninfringement nor do they provide that a party's failure to disclose noninfringement theories justifies amendment to include DOE theories." 2013 WL 3246094, at *2. Medtronic admits its theory of the case is literal infringement. Until now, it never delineated a theory of DOE infringement. Nor had it implied that such a theory was forthcoming. Opening summary judgment briefs have been filed. To allow Medtronic to assert a DOE theory because of Buller's opinions would significantly prejudice Edwards, and Medtronic has neither moved to amend its infringement contentions or pointed to new discovery or claim construction by the Court that potentially could justify such an amendment. The Court finds that the DOE paragraphs in the Benditt Supplemental Report (¶¶ 3, 20–31, 36–43, and the second sentence of ¶ 35) constitute a new opinion and must be stricken. Accordingly, the Court **GRANTS** the Motion as to those paragraphs. Medtronic cannot bring a DOE theory on these grounds.

IV.  CONCLUSION

For the foregoing reasons, Edwards's Motion to Strike is **GRANTED in part** and **DENIED in part**. Medtronic's request to strike portions of the Buller Report is **DENIED**. The Court strikes Benditt Supplemental Report ¶¶ 3, 20–32, 36–43, and the second sentence of ¶ 35.[10]

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | kjt | | |

---

[10] During the hearing on July 22, 2013, Medtronic and the Court briefly raised the issue of judicial estoppel based on Edwards's interpretation of "stent" in another litigation in Delaware. The issue has not been briefed by the parties, and the Court does not rule on it. If relevant, the parties may address it at the appropriate time.